**SIGNED.**



Dated: October 02, 2008

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ROBERT E. MATYSIAK, JR. and<br>ANGELA D. MATYSIAK,<br><br>　　　　　　　　　Debtors. | Chapter 13<br><br>No. 4:08-bk-04648-JMM<br><br>**MEMORANDUM DECISION RE:**<br>**DEBTORS' OBJECTION TO PROOF OF**<br>**CLAIM NO. 4** |

　　　　The Debtors have filed an Objection to Proof of Claim No. 4 which attempts to avoid the secured creditor's lien held by GE Money Bank / Green Tree on their real property residence (Dkt. #18). No adversary proceeding has been filed by which the amount, validity or priority of this junior lien is challenged. (FED. R. BANKR. P. 7001.)

　　　　Nor have the Debtors set forth a valid legal reason to challenge the lien, as the statute mandates that mortgage liens on real property residences may not be modified. (11 U.S.C. § 1322(b)(2).)

　　　　In addition, the Debtors listed the lien, in their schedules, as undisputed. Moreover, the Debtors have not presented any proof to support their assertion that the real property has no value below that of the first lienholder's interest (11 U.S.C. § 506.), which would render GE Money Bank / Green Tree's lien wholly unsecured. *See Nobleman v. American Sav. Bank,* 113 S.Ct. 2106 (1993).

If the Debtors seek to strip off a lien, it must do so in the context of an adversary proceeding, with adequate safeguards for service, and a meaningful opportunity for hearing. In the instant case, service was not effected upon an individual or statutory agent, but only upon the corporate entity at a drop location. This is not adequate. *See* FED. R. CIV. P. 4(m).

GE Money Bank/Green Tree filed a secured claim for $66,510.53. (Claim No. 4.) It supported it with the promissory note and deed of trust signed by the Debtors, as well as an accounting.

No plan has yet been confirmed. The Debtors have shown no legal basis, supported by facts, by which this court can deprive a secured creditor of its lawful lien. Should the Debtors seek to do so in the future, they must file an adversary proceeding upon this creditor, with a showing of proper service upon its statutory agent or an officer or managing partner.

The current pleadings do not meet the tests for procedural due process. An order denying the Debtors' Objection to Proof of Claim No. 4 will therefore be entered.

Should the Debtors wish to try again, they must employ appropriate procedural safeguards. *See* FED. R. CIV. P. 4.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Charles M. Sabo
Attorney for Debtors

GE Money/Green Tree
P.O. Box 0049
Palatine IL 60055-0049

Dianne C. Kerns
Trustee

Office of the U.S. Trustee